IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS OCTOBER 21, 2003

## PAUL IVY v. ALTON HESSON, ET AL.

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5231      Joseph H. Walker, Judge**

_____

**No. W2003-01026-COA-R3-CV - Filed February 27, 2004**

_____

This case arises from a 42 U.S.C. § 1983 federal civil rights complaint filed by Ivy, an inmate of the Tennessee Department of Correction. Ivy maintains that he received a disciplinary conviction in retaliation for reporting an alleged incident of harassment involving a prison official. At trial, the lower court granted the defendants' motion to dismiss, which argued that: (1) Ivy does not have a cognizable 42 U.S.C. § 1983 claim because his underlying disciplinary conviction was never overturned; (2) Ivy cannot prove the causation element necessary to his retaliation claim; and (3) Ivy's claim is subject to dismissal without prejudice for failure to exhaust administrative remedies. On appeal, Ivy challenges not only the dismissal of his complaint, but also the lower court's refusal to grant him attorney's fees arising from a prior unrelated appeal in this matter. For the following reasons, we affirm the ruling of the trial court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Paul Ivy, *pro se*, Mountain City, TN

Paul G. Summers, Attorney General & Reporter, Michael Moore, Solicitor General, Pamela S. Lorch, Senior Counsel, Nashville, TN, for Appellees

# MEMORANDUM OPINION[1]

This case involves a 42 U.S.C. § 1983 federal civil rights complaint filed by Plaintiff/Appellant Paul Ivy ("Ivy"), an inmate of the Tennessee Department of Correction, housed at West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. Ivy alleges that, on January 5, 1999, he was harassed by Sgt. Aaron Tittle ("Tittle") while walking to the prison cafeteria for dinner. The following day, Ivy wrote a letter to the WTSP deputy warden, Robert Henry ("Henry"), detailing the alleged harassment and asking prison officials to take steps to prevent any further incidents. Ivy's letter also contained the following:

> Over the years I have accumalated [sic] a history of assaults on staff and if I still participated in my adolescent activities it would be no problem for me to deal with and or handle my present problem with this officer for which I complain to you about now . . . I know that I can't make it without the assistance of you in stopping this illegal and arbitrary action before it escalates to a level that leaves no winners and for this reason I truly hope that you take it upon yourself to stop this arbitrary action before it places me within a situation where I have [to] defend myself against a [sic] officer that truly has no legitimate reason to harrass [sic] and or attempt to injure me.

Based on this language, Ivy received a disciplinary conviction for threatening a WTSP employee.

On March 22, 1999, Ivy filed suit *in forma pauperis* under 42 U.S.C. § 1983 in Lauderdale County Circuit Court, alleging that he received the disciplinary conviction in retaliation for his letter regarding Tittle's alleged harassment. Ivy named as defendants warden Alton Hesson, associate warden Tony Parker, deputy warden Robert Henry, Captain Moore, Sgt. Aaron Tittle, and disciplinary board chairman Michael Ottinger. As an inmate filing a claim *in forma pauperis*, Ivy was required by Tenn. Code Ann. § 41-21-805 (2003) to file an affidavit listing any previous lawsuits he had filed. Ivy filed his affidavit on April 14, 1999, specifying a previously filed case listed as docket number 3-97-1083, in which he alleged deliberate indifference while in maximum custody at the prison. On April 29, 1999, the defendants filed a motion for summary judgment, claiming that Ivy failed to supply a complete list of all his previous lawsuits and, thereby, violated the requirements of Tenn. Code Ann. § 41-21-805. In support of their motion, the defendants offered the affidavit of Tonya Thornhill ("Thornhill"), a record specialist for the Civil Rights and Claims Division of the Office of the Attorney General and Reporter. Thornhill stated in her affidavit that Ivy had filed at least four other lawsuits not mentioned in his affidavit, though she did not specify the case name or docket numbers of these other cases.

---

[1] Rule 10 (Court of Appeals). Memorandum Opinion - (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "Memorandum Opinion," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

On or about May 1, 1999, Ivy wrote Thornhill asking her to provide him with any information relating to the additional lawsuits to which she referred in her affidavit. In a letter dated May 7, 1999, the assistant attorney general denied Ivy's request, stating that "[i]t is your responsibility to come forth with evidence, if any, which you contend supports your position . . . [y]ou are well aware of the lawsuits which you have filed in the past." In response, on May 12, 1999, Ivy filed a motion to compel the defendants to provide him with a "complete listing" of every lawsuit referenced in Thornhill's affidavit. Without ruling on Ivy's motion to compel, the trial court subsequently granted the defendants' motion for summary judgment and dismissed the case without prejudice on May 11, 2001, based on Ivy's failure to comply with the statutory disclosure requirement. Ivy then appealed the grant of summary judgment to this Court. On appeal, we reversed and remanded, holding:

> In considering the defendants' motion for summary judgment, the only issue before the trial court was whether Ivy had filed a complete affidavit in accordance with Tennessee Code Annotated § 41-21-805. The Thornhill affidavit constituted evidence to support the defendants' position that Ivy's affidavit was incomplete and his case should be dismissed. *See Williams*, 37 S.W.3d at 479 (dismissing prisoner claim based on incomplete affidavit). To defeat the defendants' motion, the burden shifted to Ivy to "demonstrate, by affidavits or discovery materials, that there is a genuine material fact dispute" about the sufficiency of his affidavit. *Byrd*, 847 S.W.2d at 211. Though Ivy attempted to conduct limited discovery on this issue through his motion to compel, the trial court did not address the motion to compel and instead simply granted the defendants' summary judgment motion.

> Under these circumstances, we must conclude that the trial court abused its discretion in not permitting Ivy limited discovery to ascertain the accuracy of his affidavit under Tennessee Code Annotated § 41-21-805, the accuracy of Thornhill's affidavit, and to rebut the defendants' motion for summary judgment. We have held that "[a] prisoner pursuing a civil lawsuit may conduct discovery, but the discovery is subject to appropriate limitations imposed by the trial court." *Dotson*, 1998 Tenn. App. LEXIS 117, at *7; *see Luther*, 1998 Tenn. App. LEXIS 193, at *10-12. On remand, the trial court shall have broad discretion to determine the scope and manner of discovery. In limiting that discovery, the trial court must weigh the plaintiff's interests with the institutional concerns of the correctional facility. *See Thompson v. Hammond*, 1999 Tenn. App. LEXIS 229, at *14-15 (Tenn. Ct. App. April 6, 1999). Thus, the trial court's grant of summary judgment in favor of the defendants is reversed and the cause is remanded . . . for further proceedings not inconsistent with this Opinion.

*Ivy v. Hesson*, No. W2001-01332-COA-R3-CV, 2002 Tenn. App. LEXIS 385, at *9-11 (Tenn. Ct. App. May 29, 2002).

On remand, the defendants filed a motion to dismiss Ivy's complaint.[2]  In this motion, the defendants argued that Ivy's claim suffered from infirmities other than the lack of complete disclosure in his Tenn. Code Ann. § 41-21-805 affidavit.  Specifically, the defendants maintained that: (1) Ivy does not have a cognizable 42 U.S.C. § 1983 claim because his underlying disciplinary conviction was never overturned; (2) Ivy cannot prove the causation element necessary to his retaliation claim; and (3) Ivy's claim is subject to dismissal without prejudice for failure to exhaust administrative remedies.  After considering Ivy's motion and supporting memorandum opposing dismissal, the trial court granted the defendants' motion to dismiss on April 14, 2003.  Ivy then timely filed the instant appeal challenging the ruling of the lower court.

Ivy raises three issues, as we perceive them, for our review: (1) Whether the trial court erred in granting the defendants' motion to dismiss; (2) Whether the trial court erred in not granting Ivy's motion for attorney's fees and sanctions; and (3) Whether the trial court and defense counsel acted unethically.  We will address each issue in turn.

In his first issue on appeal, Ivy argues that the lower court erred in granting the defendants' motion to dismiss.  The standard of review for a motion to dismiss, under Tenn. R. Civ. P. 12.02(6), was summarized by the Tennessee Supreme Court in *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934 (Tenn. 1994):

> A Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the sufficiency of the complaint, not the strength of a plaintiff's proof as does, for example, a motion for a directed verdict. *Merriman v. Smith*, 599 S.W.2d 548, 560 (Tenn. Ct. App. 1979) . . . The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law.

*Cook*, 878 S.W.2d at 938.  In its order dismissing the case, the trial court adopted the three grounds for dismissal enumerated in the defendants' motion.  First, the lower court found that Ivy did not have a cognizable claim under 42 U.S.C. § 1983.  The trial court began its analysis with the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), which states that an inmate does not have a cognizable § 1983 claim for unconstitutional conviction or imprisonment unless the conviction or sentence has been overturned on appeal.  *Id*. at 486-87.  The lower court also noted that the principles of *Heck* were extended to a prisoner's § 1983 claim arising from a prison disciplinary conviction, like that of Ivy in the present case, by the Supreme Court in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  The trial court then found that, rather than being overturned, Ivy's disciplinary conviction had been affirmed on appeal.  As such, the lower court ruled that Ivy failed to demonstrate a cognizable § 1983 claim.  The trial court then set forth two additional alternate and

---

[2]     The record before us does not reveal what occurred on remand regarding Ivy's fulfillment of the disclosure requirements of Tenn. Code Ann. § 41-21-805.  However, the ultimate disposition of that issue is not relevant to the appeal currently before us.

independent bases for dismissal: Ivy's inability to prove the causation element necessary to a retaliation claim and his failure to properly exhaust the available administrative remedies.

On appeal, Ivy does not seem to challenge the substantive accuracy of the trial court's decision. Indeed, he fails to offer any legal authority or evidence in the record that might dispute the legal and factual underpinnings of the trial court's order of dismissal. Instead, Ivy premises his challenge of the lower court's ruling on a misinterpretation of our holding in the previous appeal in this case. Ivy begins by stating that "[t]he undisputed fact was the sole reason the appellate court reversed and remanded this cause back to the trial court [was] for further proceedings not inconsistent with the order." He then maintains that the arguments propounded by the defendants in their motion to dismiss, and adopted by the trial court in its order, were "inconsistent with the appellate court order." We disagree. Ivy's brief to this Court is permeated with the notion that our holding in the previous appeal in this case somehow limited the substantive issues that could be addressed on remand. Ivy's confusion seems to stem in large part from the conclusion of our holding, in which we stated that "[t]he decision of the trial court is reversed and the cause is remanded *for further proceedings not inconsistent with this Opinion*." *Ivy*, 2002 Tenn. App. LEXIS 385, at *11 (emphasis added). Ivy's argument relies on the premise that the emphasized language above somehow means that all subsequent proceedings in the lower court are limited to the issues addressed on appeal. This is an inaccurate interpretation of our holding.

In the previous appeal, we reversed the trial court's grant of summary judgment, which was based on Ivy's failure to satisfy the requirements set forth in Tenn. Code Ann. § 41-21-805 regarding the complete disclosure of prior lawsuits. We instructed the lower court to allow Ivy limited discovery to ascertain the veracity of his own affidavit, as well as that of the defendants' record specialist. We also emphasized the trial court's broad discretion regarding discovery proceedings in a case such as this, which involves the competing interests of the plaintiff and the correctional institution. We then remanded the case, instructing the court to conduct further proceedings that do not conflict with our order to allow limited discovery and, in so doing, to maintain a balance between the interests of the plaintiff and the correctional institution. Nowhere does our holding limit the issues that may be addressed on remand; it simply guides the manner and extent of discovery to be afforded Ivy. As such, we cannot agree with Ivy's contention that the trial court's order of dismissal was inconsistent with our prior Opinion.

In his next issue, Ivy argues that the lower court erred in denying his motion seeking sanctions and attorney's fees for the defendants' refusal, prior Ivy's first appeal, to supply him with a list of the lawsuits referenced in Thornhill's affidavit. After conducting a thorough review of the record, we were not able to find any indication that such a motion was ever filed or denied. As such, we find this issue is without merit.

In his final issue on appeal, Ivy maintains that both the trial court and defense counsel behaved unethically throughout the course of proceedings. Ivy bases his argument for this issue on the same misinterpretation of our prior holding as in his first issue. He argues that it was unethical for defense counsel to file, and the trial court to grant, a motion to dismiss that included arguments

inconsistent with our Opinion. However, as stated earlier, our prior holding did not limit the issues to be addressed on remand. Neither defense counsel nor the trial court acted inconsistently, let alone unethically, with regard to our holding. Accordingly, we find Ivy's claim is without merit.

For the foregoing reasons, we affirm the ruling of the trial court. Costs of this appeal are taxed to the Appellant, Paul Ivy, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE